IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv15
(3:04cr223)

| | |
|---|---|
| RODNEY GREEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before this Court upon Petitioner's Motion to Vacate, Set Aside, or Remand Sentence under 28 U.S.C. § 2255. (Doc. No. 1).

I.  PROCEDURAL BACKGROUND

On August 25, 2004, Petitioner and others were indicted on charges relating to an alleged cocaine importation and distribution conspiracy. (Case No. 3:04cr223, Doc. No. 1). The government filed notice of Petitioner's three previous felony drug offenses exposing him to an enhanced sentence. (Id., Doc. No. 31). The indictment was superseded to include ecstacy as part of the conspiracy. (Id., Doc. Nos. 53, 56). On August 18, 2005, Petitioner entered a plea agreement in which he agreed to plead guilty to Count One recognizing that he faced a mandatory life sentence. (Id., Doc. No. 102). The plea was entered and accepted on August 26, 2005. (Id., Doc. No. 107: Acceptance and Entry of Guilty Plea).

Prior to sentencing, the Government filed a Motion for Downward Departure (Id., Doc. No. 179), which the Court granted during the sentencing hearing on May 25, 2006 (Id., Doc. No.

180). The Court sentenced Petitioner to 180 months' imprisonment and entered judgment on June 8, 2006. (Id., Doc. No. 181: Judgment).[1]

Petitioner did not file a direct appeal. Rather, on January 2, 2008,[2] Petitioner filed the instant Motion to Vacate arguing that his counsel was ineffective for failing to establish an affirmative defense and that the Government failed to fulfill its promise to debrief him. (Doc. No. 1: Motion at 1). Petitioner requested that the Court waive the time limit to file a § 2255 motion. (Id. at 4). The Court directed Petitioner to explain why he believed his motion should be deemed timely filed (Doc. No. 3: Order) and Petitioner filed a response (Doc. No. 4).

II.     STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings, directs sentencing courts promptly to examine motions to vacate. When it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. After reviewing Petitioner's pleadings and the underlying record, the Court finds that his Motion to Vacate is time-barred and must be dismissed.

---

[1] Petitioner also received two sixty-month sentences in Case No. 5:04cr64 relating to an attempted escape conspiracy. (Id., Doc. No. 181: Judgment at 1-2). These sentences were ordered to be served concurrently with each other and with the drug conspiracy sentence. (Id.). The instant Motion to Vacate makes no reference to the escape case.

[2] Although Petitioner does not indicate the date on which he delivered this § 2255 Motion to prison authorities for mailing, he wrote the date of January 2, 2008, on the Motion. (Doc. No. 1: Motion at 4). The Court will treat the Motion as filed on that date.

2

III.     DISCUSSION

According to 28 U.S.C. § 2255(f), a one-year statute of limitations period applies to the filing of a motion to vacate.  In the circumstances of this case, that time period began to run on June 22, 2006, when the judgment became final ten days after it was entered because Petitioner did not file a direct appeal.³ United States v. Clay, 537 U.S. 522, 524-25 (2003); United States v. Johnson, No. 99-7005, 2000 WL 37753, at *1 (4th Cir. Jan. 19, 2000); 28 U.S.C. § 2255(f)(1); Fed. R. App. P. 4(b) (2005).  Thus, Petitioner had until June 22, 2007, to file a motion under § 2255, but he did not file the instant motion until January 2, 2008, over 17 months late.

The limitations period is subject to equitable tolling, but "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2560 (2010) (internal quotation marks and citations omitted).  This "extraordinary remedy" is "sparingly granted," United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000).

Here, Petitioner's response details the reasons he filed his motion late. (Doc. No. 4). They are: many failed attempts to contact his attorney about the issues in the motion; simply forgetting about the one-year time period; delay in receiving legal work from family; and the time required to prepare a proper motion. (Id.).  There is no indication in the record that Petitioner was diligently pursuing his rights prior to submitting the late-filed motion; there are no motions requesting the Court's assistance to have counsel cooperate nor suggesting he would have difficulty filing on time.  Additionally, considering the allegations in the motion that his

---

³     None of the other triggering events listed in 28 U.S.C. § 2255(f)(2)-(4) are suggested by the instant motion, response, or record.

attorney failed to establish an affirmative defense and the government failed to debrief him, the delay in receiving information from his family did not prevent him from filing because the necessary information was known to Petitioner himself. Finally, simply forgetting about the deadline and the time required to prepare the motion were circumstances within Petitioner's control and, therefore, do not toll the limitations period. Accordingly, the Court finds that Petitioner has failed to establish that equitable tolling applies in this case.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Remand Sentence (Doc. No. 1) is **DISMISSED**.

Signed: January 25, 2011

Robert J. Conrad, Jr.
Chief United States District Judge